# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

JOSE DOTEL,

       Petitioner,

v.                                             Case No. 08-CV-178

WILLIAM POLLARD,

       Respondent.

_____

## ORDER

On February 28, 2008, petitioner, Jose Dotel, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his June 20, 2003 conviction in the Milwaukee County Circuit Court. (Docket #1). Respondent, thereafter, filed a Motion to Dismiss (Docket #5), arguing that petitioner's claim has been procedurally defaulted as a result of his failure to properly address the merits of his claims in the Wisconsin Supreme Court. After careful consideration of the applicable facts and law, the court determines that petitioner's claim is procedurally defaulted, and must accordingly be dismissed.

**I.    FACTS**

Respondent gives the following concise, yet detailed account of the relevant procedural history of this case:

> Dotel was convicted June 20, 2003, after a jury trial in Milwaukee County Circuit Court, of two counts of first-degree intentional homicide, as party to the crime, and one count of armed robbery with use of force, as party to the crime. Exhibit A.

Appointed counsel filed a no-merit appeal in the Wisconsin Court of Appeals, pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Wis. Stat. § (Rule) 809.32. Before the court of appeals had a chance to rule, Dotel moved to voluntarily dismiss the appeal and for leave to proceed on the appeal pro se. After thoroughly advising Dotel of the pitfalls of proceeding without counsel, the court granted his motion for voluntary dismissal of the appeal December 17, 2004. Exhibit B.

Dotel returned to the circuit court and filed a motion for postconviction relief. The circuit denied the motion without an evidentiary hearing. Dotel appealed raising a number of challenges, including the constitutional claims presented here. In a Decision dated and filed December 14, 2006, the Wisconsin Court of Appeals affirmed the judgment of conviction and the order denying postconviction relief. Exhibit C.

On January 3, 2007, Dotel filed a letter asking the Wisconsin Supreme Court to either appoint counsel for him or, if it declined to do so, to construe his letter as a timely filed petition for review. Exhibit D. In an Order issued January 5, 2007, the Wisconsin Supreme Court denied the motion for appointment of counsel because Dotel has no constitutional right to counsel on discretionary review. Exhibit E, citing *Ross v. Moffitt*, 417 U.S. 600 (1974). The court also noted that Dotel, "chose to proceed pro se in the court of appeals, thereby waiving his right to appointed appellate counsel." Id. The court, as Dotel had requested, deemed his letter to be a timely filed petition for review, but required him to file a statement of reasons in support of the petition, conforming to the requirements of Wis. Stat. § (Rule) 809.62(2) and (4), by March 2, 2007. The court admonished Dotel: "If the statement is not filed by that time, this petition will be summarily dismissed. No further time extensions will be granted." Id.

Dotel never filed a statement of reasons in support of the petition for review. Accordingly, as it had warned it would do, the supreme court summarily dismissed the petition for review in an Order issued April 6, 2007. Exhibit F. Dotel then filed his habeas petition in this court in February of 2008.

(Resp't Br. Supp. Mot. Dismiss at 1-3). The petitioner concurs with this "statement of the case" and incorporates it into his opposition brief. (Pet'r Br. Opp. Mot. Dismiss at 1).

## II. DISCUSSION

Prior to filing a federal habeas case, a prisoner of the state must exhaust all available state remedies. 28 U.S.C. § 2254(b)(1). This allows the state to rule on and ameliorate alleged violations of its prisoners' civil rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*per curiam*). This requirement means that a prisoner must "fairly present" his claim in each applicable state court - including a state supreme court, if that court has powers of discretionary review. *Id.* at 887. A claim is not "fairly presented" to a state supreme court if a justice "must go outside the four corners of the document in order to understand the contention's nature and basis." *Lockheart v. Hulick*, 443, F.3d 927, 929 (7th Cir. 2006) (citing *Baldwin v. Reese*, 541 U.S. 27 (2004).

In this case, it is clear that Dotel's claims were not "fairly presented" to the Wisconsin Supreme Court. Dotel's letter to the Wisconsin Supreme Court asking for the appointment of counsel or, in the alternative, to serve as a timely filed petition for review, did not in any way inform the justices of the "nature and basis" of Dotel's claim. Nor did Dotel file a statement in support of the petition conforming to Wis. Stat. §§ 809.62(2) and (4) as directed by the Wisconsin Supreme Court. Such a statement, if properly drafted, would have "fairly presented" Dotel's claims to the court. However, Dotel's opposition brief to the motion to dismiss argues that Dotel's letter clearly indicated an intent to raise before the supreme court all the issues from the appellate court proceedings. (Pet'r Br. Opp. Mot. Dismiss at 4). Regardless of whether the letter did or did not indicate such an intent, the fact is that "if the state's

Supreme Court must read the decision of its appellant court in order to learn what the petitioner is arguing, then the issue has not been preserved for federal decision; a petition must contain each contention, and not just point to some other document where it might be located." *Lockheart*, 443 F.3d at 929. Accordingly, Dotel's petition clearly did not preserve any issues for federal decision.

Because petitioner did not file a statement in support of his petition, as the Wisconsin Supreme Court directed him to do, and because his letter itself did not comply with the requirements set forth in Wis. Stat. § 809.62 regarding the necessary contents of a petition for review, the court appropriately dismissed his petition. Now, before this court, petitioner argues that while dismissal of petitioner's claim by the Wisconsin Supreme Court was an appropriate result under Wis. Stat. § 809.83(2), a holding that petitioner is procedurally defaulted from proceeding before this court is, however, not an appropriate result under Wis. Stat. § 809.83(2). Petitioner goes on to say that the issue before this court is one of first impression, namely "whether the penalty statute of § 809.83(2) can punish this petitioner under the guise of a procedural default when he fails to comply with Wis. Stat. § 809.62(2) and (4) when filing his petition for review to the Wisconsin Supreme Court." (Pet'r Br. Opp. Mot. Dismiss at 5). Petitioner's argument evidences a fundamental misunderstanding. Wis. Stat. § 809.83(2) does not itself have any relevance to a federal district court. Similarly, petitioner's procedural default barring him from proceeding before this court is not based on any Wisconsin statute; it is based on the aforecited United States Supreme Court case law requiring that a district court

-4-

not entertain a federal habeas action if the claims composing that action have not been "fairly presented" to the state supreme court. *See Duncan v. Henry*, 513 U.S. 364 (1995); *Baldwin v. Reese*, 541 U.S. 27 (2004); *see also Perruquet v. Briley*, 390 F.3d 505, 514 (2004) ("[W]hen the habeas petitioner has failed to fairly present to the state courts the claim on which he seeks relief in federal court and the opportunity to raise that claim in state court has passed, the petitioner has procedurally defaulted that claim.") (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 853-54 (1999)). In the instant case, petitioner's claims have been procedurally defaulted because they were not "fairly presented"; coincidentally they were not "fairly presented" for the same reason that his claim was dismissed pursuant to § 809.83(2) – because he failed to present the supreme court with an adequate petition. However, none of that means that § 809.83(2) is the mechanism preventing this court from entertaining Dotel's petition. Accordingly, petitioner's arguments regarding § 809.83(2) are wholly misplaced.

Arguments that would be relevant to whether petitioner's federal habeas action should be heard in this court would be arguments asserting: 1) that plaintiff's claims were in fact "fairly presented" to the Wisconsin Supreme Court; or, in the alternative, 2) that there is sufficient cause for petitioner's failure to present his claims to the state supreme court, and that the procedural bar will inflict actual prejudice; or 3) that the alleged constitutional violations likely resulted in the conviction of an innocent man. Petitioner does not advance, nor does anything in the record support, the first argument, for, as detailed above, petitioner's claims were clearly not presented at

all to the supreme court. Similarly, petitioner does not argue, nor does anything in the record support, the third argument, for petitioner's inculpatory admission to the police, (Resp't Br. Supp. Mot. Dismiss, Ex. C ¶2), clearly indicates that this is not one of those "extraordinary case[s][] where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986); *see Perruquet*, 390 F.3d at 515 ("If the petitioner cannot show cause and prejudice but instead seeks to overcome his procedural default by establishing the prospect of a miscarriage of justice, then he must demonstrate that he is actually innocent of the crime for which he was convicted - that is, he must convince the court that no reasonable juror would have found him guilty but for the error(s) allegedly committed by the state court."). Thus, the only avenue available to petitioner to overcome procedural default of his federal habeas claim would be to argue "cause" and "prejudice."

"A procedural default will bar a federal court from granting relief on a habeas claim unless the petitioner demonstrates cause for the default and prejudice resulting therefrom." *Perruquet*, 390 F.3d at 514 (citing *Wainwright v. Sykes*, 433 U.S. 72, 87-88 (1977). To meet the "cause" prong necessary to overcome a procedural default, Dotel would have to point to "some objective factor external to the defense" responsible for his error. *Murray*, 477 U.S. at 488. To meet the "prejudice" prong, Dotel must "shoulder the burden of showing, not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional

-6-

dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982). Dotel would have to meet both the "cause" and "prejudice" prongs to allow this court to consider his petition; he, however, meets neither.

Dotel does not point to any "objective factor external to the defense" to justify his failure to comply with the briefing requirements set out in the Wisconsin Supreme Court's January 5, 2007 order in his case, as well as in Wis. Stat. §§ 809.62(2) and (4). (Resp't Br. Supp. Mot. Dismiss, Ex. E at 2). The only issues pertaining to "cause" that Dotel raises are the fact that he does not read or write English, and that the jailhouse lawyer who assisted him in preparing his appellate court briefs was no longer available to help him with his supreme court petition. None of these reasons are "external to the defense," indeed, these are inherently internal to the defense; these are, in fact, the very factors Dotel was cautioned about by the Wisconsin Court of Appeals. That court, in its December 17, 2004 order, warned:

> Dotel's access to inmate assistance is not guaranteed. Dotel or the inmate assisting him could be transferred to a new institution, thereby making consultation with the assisting prisoner difficult. Dotel is again advised that once he discharges counsel and proceeds pro se, the public defender will not, in all likelihood, appoint him new counsel should he decide that his decision to discharge counsel was ill-advised. Dotel is also advised that because it is his sole responsibility to meet appellate deadlines, if his inmate assistant discontinues assistance, the court will not likely consider that fact alone to be adequate cause to extend postconviction or appellate deadlines. This may be especially significant in this case because of Dotel's difficulties with the English language and statements that he does not understand the law or how to file a brief.

(Resp't Br. Supp. Mot. Dismiss, Ex. B at 2). Dotel chose not to heed these warnings, and chose instead to proceed pro se. Petitioners cannot seek to proceed pro se

-7-

Case 2:08-cv-00178-JPS    Filed 02/27/09    Page 7 of 9    Document 11

when it suits them, but then seek to hide behind their pro se status when they fail to achieve the results they had sought to achieve. Furthermore, the court also notes that although Dotel did not have access to the jailhouse lawyer who had helped him with his proceedings before the appellate court, Dotel did have access to assistance at the time his petition was pending before the supreme court. (Pet'r Br. Opp. Mot. Dismiss at 3). Factors that would meet the "cause" prong include the reasonable unavailability of a factual or legal basis for a claim, or interference by officials making compliance impracticable. *Murray*, 477 U.S. at 488. None of the factors raised by Dotel, however, come close to meeting the "cause" prong, especially considering the fact that these factors, none of which are external, were only factors at all as a result of Dotel's decision to proceed pro se, despite the appellate court's warnings as to the possible ramifications of doing so.

Because Dotel does not meet the "cause" prong, and because a petitioner must meet both prongs in order to overcome procedural default by way of the "cause" and "prejudice" test, Dotel accordingly fails the test and is procedurally defaulted from pursuing his habeas action in this court. The court, however, also points out that Dotel falls short of meeting the "prejudice" prong as well. It is Dotel's burden to show the "actual and substantial prejudice" he suffered as a result of the alleged constitutional violations; however, Dotel points to nothing to indicate he suffered any prejudice. Simply stated, Dotel has failed to meet his burden.

Because Dotel failed to "fairly present" his claims to the Wisconsin Supreme Court, despite its instructions to him to do so, as well as the extended three month

time period it gave him to do so, and because the opportunity to raise the claims in the state court has passed, Dotel's claims have been procedurally defaulted. *Perruquet*, 390 F.3d at 514. Finally, Dotel cannot show sufficient "cause" for his default, "prejudice" of his default or, alternatively, that he is actually innocent, therefore, this court may not further consider the merits of Dotel's habeas petition.

Accordingly,

**IT IS ORDERED** that respondent's Motion to Dismiss Habeas Action (Docket #5) be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that petitioner's Petition for Writ of Habeas Corpus (Docket #1) be and the same is hereby **DENIED** with prejudice.

The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 27th day of February, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge