# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

JOSE DOTEL,

        Petitioner,

v.                                                         Case No. 08-CV-178

WILLIAM POLLARD,

        Respondent.

_____

## ORDER

On February 28, 2009, petitioner Jose Dotel, a Wisconsin state prisoner, petitioned for a writ of habeas corpus. (Docket #1). Respondent thereafter moved the court to dismiss Dotel's petition as procedurally defaulted. (Docket #5). The court ultimately granted respondent's motion and accordingly dismissed Dotel's petition. (Docket #11). Dotel then filed a notice of appeal to the Seventh Circuit. (Docket #13). The court interprets Dotel's notice of appeal as implicitly requesting a certificate of appealability. For the reasons given herein, the court denies Dotel a certificate of appealability.

Before a habeas petitioner may take an appeal to the Seventh Circuit, the district court must consider whether to grant the petitioner a certificate of appealability ("COA") pursuant to 28 U.S.C. § 2253(c). Fed. R. App. P. 22(b). The COA may issue only if the applicant makes a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for

that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). If the court issues a COA, it must indicate on which specific issue or issues the petitioner has satisfied the "substantial showing" requirement. *See* 28 U.S.C. § 2253(c)(3).

Petitioner has not requested a COA; however, Fed. R. App. P. 22(b)(1) provides that if a petitioner files a notice of appeal, the district judge must either issue a certificate or state why a certificate should not issue. Because a separate request for a COA has not been filed, petitioner relies on his notice of appeal rather than any argument in support of his COA. "A petitioner who relies on his notice of appeal is hard put to meet the statutory standard, for a [COA] may issue only when 'the applicant has made a substantial showing of the denial of a constitutional right.'" *West v. Schneiter*, 485 F.3d 393, 395 (7th Cir. 2007) (quoting 28 U.S.C. § 2253(c)(2)). "A notice of appeal does not give reasons, and a silent document rarely constitutes a 'substantial showing' of anything." *West*, 485 F.3d at 395.

Dotel's notice of appeal contains only the briefest of statements as to his basis for challenging the court's dismissal of his petition. Dotel states that the court's decision is "contrary to prior rulings by both the Eastern District Federal Court and the Seventh Circuit Court of Appeals." (Notice of Appeal, Docket #13). Dotel gives

-2-

no indication as to what aspect of the ruling is contrary to the above mentioned case law, or even to which cases specifically the court's order contravenes.

The court granted respondent's motion to dismiss because respondent showed that Dotel procedurally defaulted his claims by failing to present them to the Wisconsin Supreme Court. This procedural default occurred because, after Dotel filed a petition for review in the supreme court, he failed to file a statement in support of his petition, despite having been specifically directed by the supreme court to file a statement in support. Because Dotel failed to file such a statement, the supreme court dismissed his petition for review without having considered its merits. Thus, Dotel's claims were never fairly presented to the highest court in the state.

Dotel only presented two arguments opposing dismissal of his federal habeas petition. The first argument was that Dotel had in fact presented his case to the Wisconsin Supreme Court, because his notice of appeal to the Wisconsin Supreme Court evidenced his intent to seek review of the exact same issues in the supreme court as he had presented to the Wisconsin Court of Appeals. Dotel's second argument was that dismissal of his federal habeas petition was not a valid penalty for his failure to comply with the supreme court's procedural requirements.

Dotel's first argument failed because the fact that his petition for review evidenced an intent to seek review of the same issues reviewed in the court of appeals is irrelevant. As the court pointed out in its previous order: "if the state's Supreme Court must read the decision of its appellant court in order to learn what

the petitioner is arguing, then the issue has not been preserved for federal decision; a petition must contain each contention, and not just point to some other document where it might be located." *Lockheart v. Hulick*, 443, F.3d 927, 929 (7th Cir. 2006). Because Dotel's petition to the supreme court did not contain each contention, it did not preserve for federal decision the issues on which he sought review.

Dotel's second argument, though creative, is fundamentally flawed. Dotel stated that Wis. Stat. § 809.83(2) permitted the supreme court to dismiss his petition for failure to comply with the court's order requiring a statement of support in conformity with Wis. Stat. § 809.62. However, Dotel argued that Wis. Stat. § 809.83(2), which essentially sets out the possible consequences for failure to comply with the supreme court's procedural rules (as Dotel did when he failed to file a statement of support in conformity with § 809.62), does not condone dismissal of a federal habeas petition as a penalty for failing to comply with the rules. What this argument fails to appreciate, as the court previously pointed out, is that Dotel's habeas petition was not dismissed pursuant to Wis. Stat. § 809.83(2). His habeas petition was dismissed because he failed to fairly present the issues in his habeas petition to all levels of the state judiciary. *Lockheart*, 443 F.3d at 929. Furthermore, Dotel did not proffer sufficient justification to overcome the procedural default.

Though Dotel asserts in his notice of appeal to the Seventh Circuit that this court's rejection of these two foregoing arguments was "contrary to prior rulings by both the Eastern District Federal Court and the Seventh Circuit Court of Appeals[,]"

Dotel did not cite to any case law in support of his arguments in his brief in opposition to dismissal. The court maintains that its dismissal of Dotel's habeas petition was not contrary to prior case law, but was in fact required by the teachings of prior case law.

Accordingly,

**IT IS ORDERED** that petitioner's implied request for certificate of appealability be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 30th day of September, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge