# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

JOSE DOTEL,

        Petitioner,

v.                                                Case No. 08-CV-178

WILLIAM POLLARD,

        Respondent.

_____

## ORDER

On February 28, 2008, petitioner Jose Dotel ("Dotel") filed a petition for a writ of habeas corpus. The court denied Dotel's petition because he failed to exhaust his claim in state court; specifically, he failed to present his claims to the Wisconsin Supreme Court. After the court denied Dotel's petition, he filed a notice of appeal, which the court interpreted as implying a request for a certificate of appealability ("COA"). The court denied Dotel's request for a COA, stating that Dotel had given no reason as to why the court's previous order should be disturbed, other than Dotel's vague and unsubstantiated claim that this court's order was "contrary to prior rulings by both the Eastern District Federal Court and the Seventh Circuit Court of Appeals." Dotel now applies for leave to proceed in forma pauperis on appeal. The court also denies this request.

There are three grounds for denying in forma pauperis status to a prisoner appellant: the prisoner has not established indigence; the appeal is taken in bad faith; or the prisoner has three strikes. *See* 28 U.S.C. §§ 1915(a)(2)-(3), (g). A

district court should not hold a petitioner to an inappropriately high standard when making a determination of good faith. *Pate v. Stevens*, 163 F.3d 437, 439 (7th Cir. 1998). An appeal taken in bad faith is one that is based on a frivolous claim, that is, a claim that no reasonable person could suppose has any merit. *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000).

To establish indigence, the appellant must complete an affidavit stating: (1) that he is unable to pay the filing fee; (2) that he is entitled to redress; and (3) the issues that he intends to present on appeal. 28 U.S.C. § 1915(a)(1); Rules of Appellate Procedure 24(a)(1). The appellant must also submit a certified copy of his prisoner trust fund account statement for the six-month period immediately preceding the notice of appeal. 28 U.S.C. § 1915(a)(2); Rules of Appellate Procedure 24(a)(1)(A).

Dotel does not appear to have three strikes. However, Dotel has not established his indigence. His affidavit indicates that he receives very little income, owns no property, and has no bank accounts or savings. His affidavit also states that he believes he is entitled to redress. Additionally, he submitted a certified copy of his prisoner trust fund account statement for the previous six months. However, his affidavit gives no indication which issues he intends to present on appeal. Hence, he has failed to comply with all of the elements required by Fed. R. App. P. 24(a)(1).

Apart from the question of Dotel's indigence, the court also finds that his appeal is not taken in good faith. Dotel has not stated – in his notice of appeal or in his motion for leave to proceed in forma pauperis – what issues he intends to appeal. Presumably, he intends to argue either that he did sufficiently present his claim to the Wisconsin Supreme Court, or that he has shown sufficient "cause and prejudice" to overcome his procedural default. There is no good faith basis for arguing the former, as the court based its decision – holding that Dotel did not exhaust his claim – on binding Seventh Circuit case law[1] that was directly on point. There is no good faith basis for arguing the latter, because Dotel's argument as to the "cause" prong was clearly inadequate, and because Dotel made no argument as to the "prejudice" prong. No reasonable person could think that there is any merit to an assertion that Dotel can meet the two prong "cause and prejudice" test, when Dotel offered no "cause" that was external to the defense, and when he utterly failed to address the "prejudice" prong.

Furthermore, Dotel stated in his Notice of Appeal that this court's ruling was "contrary to prior rulings by both the Eastern District Federal Court and the Seventh Circuit Court of Appeals." No reasonable person could find this assertion to be made in good faith considering the fact that Dotel has not presented this court with any (let alone relevant or binding) case law. For Dotel to never present this court

---

[1] *Lockheart v. Hulick*, 443, F.3d 927, 929 (7th Cir. 2006) (holding that "if the state's Supreme Court must read the decision of its appellant court in order to learn what the petitioner is arguing, then the issue has not been preserved for federal decision; a petition must contain each contention, and not just point to some other document where it might be located.")

with any case law, and then to assert on appeal that this court's decision contravenes binding case law – without ever moving for reconsideration of this court's decision while citing such case law – is perhaps the epitome of bad faith. Either Dotel is being dishonest about the existence of such case law, or Dotel simply withheld it from this court; neither of these scenarios permits the court to say that this appeal is taken in good faith.

The court notes that Dotel incurred the filing fee by filing the notice of appeal. *Newlin v. Helman*, 123 F.3d 429, 434 (7th Cir.1997), overruled on other grounds by *Lee*, 209 F.3d at 1026-27. The fact that the court is denying the request to proceed in forma pauperis on appeal means that the full filing fee is due within fourteen days of this order. 7th Cir. R. 3(b). This payment must be made to the Clerk of the District Court for the Eastern District of Wisconsin; the Clerk of the District Court receives the appellate fee on behalf of the court of appeals. Failure to pay in full within the time limit may result in dismissal. Id. However, the court advises Dotel that Fed. R. App. P. 24(a)(5) permits an appellant "to file a motion to proceed on appeal in forma pauperis in the court of appeals within 30 days after" the Clerk of the District Court has provided notice to him under Fed. R. App. P. 24(a)(4) that the district court has determined that he is not entitled to proceed on appeal in forma pauperis.

Accordingly,

**IT IS ORDERED** that petitioner's Motion for Leave to Appeal in forma pauperis (Docket #20, Attach. 1) be and the same is hereby **DENIED**, as the court certifies in writing pursuant to 28 U.S.C. § 1915(a)(3) that such appeal is not taken in good faith, and that petitioner failed to satisfy Fed. R. App. P. 24(a)(1)(C).

Dated at Milwaukee, Wisconsin, this 30th day of October, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge